**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



RONY MAURICIO ESTRADA
SANCHEZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 21-577

Agency No.
A075-899-609

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023**
Pasadena, California

Before: M. SMITH and DESAI, Circuit Judges, and AMON, District Judge.***

      Rony Mauricio Estrada Sanchez, a native and citizen of Honduras, seeks

review of a Board of Immigration Appeals ("BIA") decision dismissing his

appeal of the Immigration Judge's ("IJ") denial of his applications for asylum,

---

     *     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***   The Honorable Carol Bagley Amon, United States District Judge
for the Eastern District of New York, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny Mr. Estrada's petition for review.

This court reviews denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The court also reviews factual findings, including adverse credibility determinations, for substantial evidence. *Id*. We must uphold the BIA's decision "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)).

1. First, substantial evidence supports the BIA's adverse credibility determination. The BIA considered "the totality of the circumstances" and gave "specific and cogent reasons" for its adverse credibility finding, and the record does not compel a different conclusion. *Shrestha v. Holder*, 590 F.3d 1034, 1040, 1042 (9th Cir. 2010). The BIA affirmed the IJ's adverse credibility finding based on several non-trivial inconsistencies within Mr. Estrada's testimony and between his testimony and documentary evidence.

2. Second, even if Mr. Estrada were deemed credible, substantial evidence also supports the BIA's finding that he was ineligible for asylum and withholding of removal because he failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. 8 U.S.C. § 1101(a)(42)(A).

3. Finally, substantial evidence supports the BIA's holding that Mr.

2

Estrada is ineligible for CAT relief. A non-credible petitioner can establish eligibility for CAT relief if the other evidence in the record compels the conclusion that he is more likely than not to be tortured. *Shrestha*, 590 F.3d at 1048 ("An adverse credibility determination is not necessarily a death knell to CAT protection . . . . But . . . to reverse the BIA's decision denying CAT protection, we would have to find that the reports alone compelled the conclusion that the petitioner is more likely than not to be tortured.") (cleaned up); *see also* 8 C.F.R. § 1208.16(c)(2). Mr. Estrada did not establish that it is more likely than not that the Honduran government would acquiesce in his torture. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014); 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). To the contrary, the country reports describe the Honduran government's efforts to combat violence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (finding that "inability to bring the criminals to justice" and "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence").

The petition for review is **DENIED.**